UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60573-RUIZ/STRAUSS

**GULF BUILDING, LLC,**

    Plaintiff,

v.

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Motion for Bill of Costs (the "Motion") [DE 148], filed on September 27, 2023. The Motion has been referred to me to take all action as required by law [DE 152]. I have reviewed the Motion and all attachments thereto, Defendant's response [DE 151], and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** the Motion [DE 148] be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Plaintiff filed its Complaint on March 17, 2022. [DE 1]. The Complaint alleged Defendant breached its contract with Plaintiff when it failed to proceed as provided in the signed Performance Bond. After conducting a bench trial, the Court found Defendant breached the Performance Bond. [DE 146 at 3]. The Court awarded Plaintiff the penal sum of the bond amount while reserving jurisdiction to determine entitlement to and the amount of any costs and attorney's fees. [DE 147]. In the Motion, Plaintiff seeks $15,201.92 for costs incurred. [DE 148–1 at 1]. Defendant contends the Court should only award $12,950.45. [DE 151].

## ANALYSIS

### I.  TAXABLE COSTS

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

According to the Motion, Plaintiff seeks an award of the following costs:

| Description | Amount |
| --- | --- |
| Fees of the Clerk | $402.00 |
| Service of Summons and Subpoenas | $230.00 |
| Witness Fees | $240.52 |
| Transcripts | $14,329.40 |
| **Total** | **$15,201.92** |

Defendant does not contest the Clerk fees. However, Defendant seeks to reduce the service of summons and subpoenas to $160.00, the witness fees to $165.15, and the transcripts to $12,223.30[1]. [DE 151 at 2]. "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### A. Fees of the Clerk

First, as indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." Accordingly, the $402 filing fee Plaintiff paid is clearly taxable under § 1920(1) and should be awarded.

### B. Service of Summons and Subpoenas

Second, fees for service of a summons or subpoena by private process servers are taxable under § 1920(1). *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). Defendant does not object to the service fees associated with serving Defendant nor

---

[1] Although Defendant wrote $12,223.30, after calculating the amount, it appears this is a scrivener's error as the total amount (based on Defendant's objections) should be $12,203.30.

does Defendant oppose the subpoena fees associated with Kate Murphy and Gene Fall. Together, those fees amount to $160[2]. Although Defendant does not object to these fees, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Fla. Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022). Upon review, the service fee for Defendant is more than the authorized statutory amount. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). Here, the invoice for Defendant's service of summons shows a charge of $75 for statewide service along with a $15 "insurance commissioner fee." [DE 148 at 4]. Because the $75 service exceeds the Marshall's $65 rate, and Plaintiff has not provided information or documents sufficient to show that a charge above $65 for service or a $15 "insurance commissioner fee" on Defendant is appropriate, I recommend awarding Plaintiff only $65 for service on Defendant. As to the $35 fee for Gene Fall and $35 fee for Kate Murphy, I find those prices reasonable, and Plaintiff should be awarded the full amount.

Defendant objects to the $70 subpoena fee attributed to Bryan Lutz. Defendant argues this fee is not recoverable because Mr. Lutz did not testify at the trial or sit for a deposition. [DE 151 at 3]. Persuasive authority has held that §1920(3) generally permits the taxation of witness fees for witnesses who do not testify at trial if their attendance at trial was reasonably necessary. *See Kovelesky v. First Data Corp.*, No. 08-CV-62023-WJZ, 2012 WL 12949624, at *1 (S.D. Fla. May 8, 2012) ("Courts generally qualify the recovery of fees for service of subpoena to those issued to witnesses whose appearances were 'reasonably necessary to the trial' even if they did not testify at trial.") (quoting *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla.

---

[2] The $160 comprises of a $35 subpoena fee for Gene Fall, a $35 subpoena fee for Kate Murphy, and a $75 service fee for Defendant with an additional $15 insurance commissioner fee added on top of that service charge. [DE 148 at 4–7].

4

2000)); *Nall v. Mal-Motels, Inc.*, No. 610CV464ORL28GJK, 2014 WL 12616957, at *4 (M.D. Fla. Apr. 7, 2014) ("Section 1920(3) generally permits the taxation of witness fees for potential trial witnesses."); *see also Espinosa v. Burger King Corp.*, No. 11-62503-CIV, 2012 WL 5364236, at *2 (S.D. Fla. Oct. 30, 2012) (awarding witness fees for potential trial witnesses despite case being resolved on summary judgment).

Here, Defendant posits Plaintiff has not established that Mr. Lutz's appearance at trial was reasonably necessary. Plaintiff, in turn, proffers that because both parties listed Mr. Lutz on their respective witness lists, it was reasonably necessary to have him subpoenaed. [DE 148–1 at 7]. A review of Plaintiff's first amended exhibit and witness list reveals Plaintiff had several pieces of evidence pertaining to Mr. Lutz's communication with other individuals. [DE 100–1]. It is not clear why neither party, despite Defendant listing him as a witness, [DE 115], decided to call Mr. Lutz during trial. Nonetheless, the fact remains that Defendant listed Mr. Lutz as a witness and, prior to the submission of the joint trial exhibit list, Plaintiff listed several evidentiary submissions that pertained to Mr. Lutz. Thus, I find Mr. Lutz's presence at trial reasonably necessary, and Plaintiff should recover the $70 subpoena cost.[3] *See Davis v. United States*, No. 08-81447-CIV, 2010 WL 3835613, at *3 (S.D. Fla. Sept. 7, 2010), *report and recommendation adopted,* 2010 WL 3835610 (S.D. Fla. Sept. 29, 2010) ("The fact that Plaintiff listed Polansky as a witness on two occasions supports a conclusion that Plaintiff believed that Polansky's appearance was at least partially necessary to the litigation.") (citations omitted) (internal quotations omitted); *Davis v. Sailormen, Inc.*, No. 605CV1497ORL22JGG, 2007 WL 1752465, at *3 (M.D. Fla. June 15, 2007) (finding witnesses listed on plaintiff's witness list were appropriately taxed as costs).

---

[3] The $70 total reflects service of two subpoenas for $35 each because Mr. Lutz had an additional address.

### C. Witness Fees

Third, § 1920(3) permits the taxing of witness fees. *See* 28 U.S.C. § 1920(3); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Plaintiff seeks to recover $240.52 in witness fees for Kate Murphy, Bryan Lutz, and Gene Fall. [DE 148 at 5–7]. Defendant does not contest the $75.37 witness fee for Kate Murphy nor object to the $89.78 witness fee for Gene Fall. After review, I find these fees reasonable, and Plaintiff should be awarded the full amount of $165.15. Defendant does, however, object to the $75.37 witness fee for Bryan Lutz. Defendant's rationale is the same as above: Plaintiff cannot recover Mr. Lutz's witness fee because he did not testify at trial, and Plaintiff has not shown why his attendance at trial was "reasonably necessary." For the reasons stated earlier, Defendant's argument is unavailing.

The Supreme Court has held 28 U.S.C. § 1821 "reaches those witnesses who have been summoned and are in necessary attendance on the court, in readiness to testify." *Hurtado v. United States*, 410 U.S. 578, 584 (1973); *see also Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012) ("[W]itness fee statutes are appropriate not only for witnesses who testify, but for all witnesses who 'have been summoned and are ... available to testify.'") (quoting *Id.*). Both parties listed Mr. Lutz as a witness, and he was available to testify throughout the trial. Therefore, Plaintiff should be awarded $75.37 for Mr. Lutz's witness fee.

### D. Transcripts

Fourth, § 1920(2) permits the taxing of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621; *see also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). The party challenging the cost has the burden of

demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391, at *1 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

Although the cost of deposition transcripts is taxable when necessarily obtained for use in the case, certain costs are not recoverable. "Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), *report and recommendation adopted,* 2023 WL 315793 (S.D. Fla. Jan. 19, 2023); *see also Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at *3 (S.D. Fla. Mar. 5, 2022) (same); *Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021) ("[T]he Court finds that [plaintiff's] claimed costs of $122.60 for additional copies of exhibits to the deposition, the litigation support package, and electronic processing and delivery are not recoverable."); *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010), *report and recommendation adopted*, 2010 WL 3269976 (S.D. Fla. Aug. 18, 2010) (declining to award costs for "deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks, or copies of transcripts embedded in court reporter expense").

7

### 1. Julia Johnson's November 17, 2022 Deposition

Plaintiff seeks to recover $506.65 for the deposition transcript of Julia Johnson. That cost encompasses $441.65 for her transcript, $35.00 for the litigation support package plus condensed transcript fee, and $30.00 for the electronic processing/archival/delivery (copy) fee. Defendant does not oppose the transcript fee but objects to the $65.00 for the litigation support package and electronic processing/archival/delivery (copy) fees. Litigation support package and processing fees as well as condensed transcripts are generally not recoverable costs. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3. These costs are only recoverable if Plaintiff establishes they were not merely for counsel's convenience, but rather, a necessary expense. *See Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012).

In support of its Motion, Plaintiff states it "did not request any extra services from Universal (the court reporting company the parties used) for the convenience of counsel, nor did Gulf pay for any court reporting services that were unnecessary." [DE 148-1 at 5]. Plaintiff further alleges that "following each deposition, Universal Court Reporting took possession of the deposition exhibits and would not release paper or electronic copies of the exhibits to [Plaintiff's] counsel until [Plaintiff's counsel] paid Universal's invoices in full, including the exhibit handling fees, 'litigation support package plus condensed transcript,' and the 'electronic processing/archival/delivery' fees. [DE 148-1 at 5]. However, Plaintiff's conclusory statements, without more, are insufficient to establish that these costs were incurred for anything more than counsel's convenience. *See King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 11505154, at *10 (S.D. Fla. Sept. 29, 2010) (disallowing costs related to copying when movant only provided "vague invoices" and "conclusory statements made in its motion"); *Kaplan*

8

*v. Nautilus Ins. Co.*, No. 1:17-CV-24453, 2020 WL 9458889, at *6 (S.D. Fla. May 29, 2020), *report and recommendation adopted in part,* 2020 WL 9458649 (S.D. Fla. Aug. 11, 2020) (denying certain copy costs when defendant did not articulate "any reason why the copies it sought were necessarily obtained for use in [those] proceedings other than its conclusory statement that it was necessary").

Here, Plaintiff provides conclusory statements that it did not ask for additional fees and that Universal thrusted the additional fees upon them. These statements alone are insufficient to satisfy Plaintiff's burden to show the costs were a necessary expense rather than a convenience to counsel. *See King Cole Condo. Ass'n, Inc.*, 2010 WL 11505154, at *10; *Kaplan*, 2020 WL 9458889, at *6. Therefore, Plaintiff should not be able to collect the $35.00 fee for the litigation support package plus condensed transcript and $30.00 for the electronic processing/archival/delivery (copy) fee for Julia Johnson's deposition. Instead, Plaintiff should only be awarded $441.65 for Julia's deposition transcript.

### 2. Gene Fall's December 14, 2022 Deposition

Plaintiff seeks to recoup $503.00 for Gene Fall's December 14, 2022 deposition transcript. The transcript itself was only $438.00, but, like the fees charged for Julia Johnson's deposition transcript, this invoice includes a $35.00 litigation support package plus condensed transcript fee and a $30.00 electronic processing/archival/delivery (copy) fee. Defendant does not object to the price of the transcript but does object to the $65.00 for the litigation support package and electronic processing/archival/delivery (copy) fees. Because these costs are generally not recoverable, *see Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3, and Plaintiff has only provided conclusory statements in support of their necessity, Plaintiff should only be awarded $438.00 for the transcript while the $65.00 in additional fees should not be taxed.

### 3. David Wikel's November 9, 2022 Deposition

Plaintiff seeks $1,206.10 for David Wikel's November 9, 2022 deposition transcript. Veritext's (the reporter used for the deposition) invoice includes one original certified transcript for $493.00, a $110.00 attendance fee for the first hour, a $187.50 fee for the two and a half additional hours, a $8.25 color exhibits fee, a $80.85 regular exhibits fee, a $195.00 Veritext virtual primary participants fee, a $53.00 litigation package-secure file suite fee, a $50.50 Veritext exhibit package fee, and a $28.00 hosting and delivery of encrypted files fee.

Defendant does not object to the transcript fee, the attendance fee, or the additional hours attendance fee. However, Defendant objects to the remaining fees on the invoice. As several courts in this jurisdiction have held, exhibit fees are not recoverable. *See Birren*, 2023 WL 319136, at *5; *Levesque*, 2022 WL 1667409, at *3; *Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3.[4] Moreover, Plaintiff should not be entitled to other miscellaneous fees associated with Mr. Wikel's deposition. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3; *George*, 2008 WL 2571348, at *6. Accordingly, Plaintiff should only be awarded the certified transcript and attendance fees (including the additional hours of attendance) totaling $790.50.

---

[4] Despite this practice, a carve out has begun to emerge. Some courts award costs for deposition exhibits when the prevailing party is the non-deposing party. *See Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017); *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008), *report and recommendation adopted in part,* 2008 WL 11412061 (S.D. Fla. July 7, 2008); *Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813, 2022 WL 484828, at *3 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted,* 2022 WL 479883 (S.D. Fla. Feb. 16, 2022). In this instance, Plaintiff noticed the deposition of David Wikel. Thus, the carve out does not apply because Plaintiff was the deposing party and should not have had a need other than convenience for copies of the deposition exhibits. *See George*, 2008 WL 2571348, at *6.

### 4. Gene Fall's November 8, 2022 Deposition

Plaintiff seeks $835.64 for costs associated with Gene Fall's November 8, 2022 deposition. Those costs include a $675.25 certified transcript fee, $95.40 B & W exhibit copy, scan, and storage fee, $35.00 litigation support package plus condensed transcript fee, and $30.00 electronic processing/archival/delivery (copy) fee. Defendant does not object to the $675.25 transcript fee but objects to the remaining fees. As stated above, the litigation support package plus condensed transcript and electronic processing fees are not recoverable. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3.

Further, although Defendant deposed Gene Fall, and Plaintiff is the prevailing party, Plaintiff is not automatically entitled to deposition exhibit fees. To award exhibit fees to the non-deposing prevailing party, an "inquiry must be made into the purpose of the exhibit copies." *George*, 2008 WL 2571348, at *6. Besides conclusorily stating the court reporter would not release paper or electronic copies of the exhibits to Plaintiff's counsel prior to payment, Plaintiff provides no evidence for this interaction, why it was necessary to have copies of the exhibits, or any reason why it did not confer with Defendant to provide copies (electronic or paper) of the exhibits. Therefore, Plaintiff should only be awarded $675.25 for the certified transcript fee while the other fees are not recoverable.

### 5. John Scherer's November 15, 2022 Deposition

Plaintiff seeks to recoup $595.45 for costs associated with John Scherer's November 15, 2022 deposition. That total is broken down into $441.65 for a certified transcript, $118.80 B & W exhibit handling fee, and $35.00 litigation support package plus condensed transcript fee. Defendant does not object to the transcript fee but objects to the exhibit and litigation support package fees. Plaintiff should be awarded $441.65 for the certified transcript fee. However, for

the same reasons stated above, Plaintiff does not provide sufficient evidence as to why it should be reimbursed for the deposition exhibit fee, and the litigation support package plus condensed transcript fee is not recoverable. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3; *George*, 2008 WL 2571348, at *6.

### 6. Jerry Dumas' December 1, 202 Deposition

Plaintiff seeks to recover $375.25 in costs associated with Jerry Dumas' December 1, 2022 deposition. That amount is comprised of a $310.25 certified transcript fee, $35.00 litigation support package plus condensed transcript fee, and $30.00 electronic processing/archival/delivery (copy) fee. Defendant does not object to the certified transcript costs. Nevertheless, Defendant objects to the $65.00 litigation support package plus condensed transcript and electronic processing fees. These two fees are not recoverable, and Plaintiff should only be awarded $310.25 for the transcript. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3.

### 7. Defendant's Corporate Representative's November 16, 2022 Deposition

Plaintiff seeks $2,191.25 for cost relating to Defendant's corporate representative's November 16, 2022 deposition. That total includes $1,253.75 for a certified transcript, a $110.00 attendance fee for the first hour, a $450.00 fee for the six additional hours, a $101.50 exhibits fee, a $195.00 Veritext virtual primary participants fee, a $53.00 litigation package-secure file suite fee, and a $28.00 hosting and delivery of encrypted files fee.

Defendant does not object to the transcript fee, the attendance fee, or the additional hours attendance fee. However, Defendant objects to the remaining fees on the invoice. The exhibit fees are not recoverable because Plaintiff was the deposing party. *See George*, 2008 WL 2571348, at *6. For the remaining fees, they too are not recoverable. *See id.*; *Jacucci*, 2021 WL 2689961,

at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3. As a result, Plaintiff should only be awarded $1,813.75.

### 8. Seaman Corporation's Corporate Representative's (Ralph Raulie) November 18, 2022 Deposition

Plaintiff seeks to recoup $1,276.30 in costs associated with Ralph Raulie's November 18, 2022 deposition. That amount encompasses $927.10 for a certified transcript, $169.20 B & W exhibit handling fee, $35.00 litigation support package plus condensed transcript fee, $30.00 electronic processing/archival/delivery (copy) fee, $100.00 video link copy, and $15.00 processing fee. Defendant does not object to the transcript cost but does object to the remaining fees. Plaintiff should be awarded $927.10 for the certified transcript fee. However, Plaintiff does not provide sufficient evidence as to why it should be reimbursed for the deposition exhibit fee, and the litigation support package plus condensed transcript fee is not recoverable. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3; *George*, 2008 WL 2571348, at *6.

Additionally, "[w]here a party notices a deposition to be recorded by both stenographic and non-stenographic means, and no objection is raised at that time as to the method of recordation, . . . a court can award the cost of conducting the deposition in the manner noticed. *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012). "[F]or such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies." *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *4 (S.D. Fla. Sept. 27, 2010), *report and recommendation adopted,* 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010).

Here, Plaintiff has not elucidated why a video recording of Ralph Raulie was necessary in addition to the written transcript. Thus, the $100.00 video link and $15.00 processing fees are not recoverable, and Plaintiff should only be awarded $927.10 for the certified transcript fee.

### 9. Derek Hodgin's November 30, 2022 Deposition

Plaintiff seeks to recover $1,921.95 for fees relating to Derek Hodgin's November 30, 2022 deposition. These fees include $1,024.25 for a certified transcript, a $110.00 attendance fee for the first hour, a $487.50 fee for the six and a half additional hours, a $24.20 color exhibits fee, a $195.00 Veritext virtual primary participants fee, a $53.00 litigation package-secure file suite fee, and a $28.00 hosting and delivery of encrypted files fee. Defendant does not object to the transcript fee, the attendance fee, or the additional hours attendance fee. However, Defendant objects to the remaining fees on the invoice.

The exhibit fees are not recoverable because Plaintiff was the deposing party. *See George*, 2008 WL 2571348, at *6. For the remaining fees, they too are not recoverable. *See id.; Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3. As a result, Plaintiff should only be awarded $1,621.75.

### 10. Jonathan Pierson's December 12, 2022 Deposition

Plaintiff seeks $1,027.50 in costs associated with Jonathan Pierson's December 12, 2022 deposition. That amount comprises $977.50 for a certified transcript, $35.00 litigation support package plus condensed transcript fee, and $15.00 electronic processing/archival/delivery fee. Defendant does not object to the certified transcript fee but otherwise objects to the remaining fees. The litigation support package plus condensed transcript fee as well as the electronic processing fee is not recoverable. Plaintiff has not provided sufficient evidence establishing these costs were necessary and, consequently, should only be awarded $977.50 for the transcript. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3; *King Cole Condo. Ass'n, Inc.*, 2010 WL 11505154, at *10; *Kaplan*, 2020 WL 9458889, at *6.

### 11. John Scherer's March 2, 2023 Deposition

Plaintiff seeks to recoup $240.20 in costs relating to John Scherer's March 2, 2023 deposition. That amount includes $175.20 for a certified transcript, $35.00 litigation support package plus condensed transcript fee, and $30.00 electronic processing/archival/delivery (copy) fee. Defendant does not object to the $175.20 transcript fee but objects to the remaining fees. The litigation support package plus condensed transcript and electronic processing fees are not recoverable. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3. Therefore, Plaintiff should only be awarded $175.20.

### 12. Eugene Fall's March 3, 2023 Deposition

Plaintiff seeks to recover $328.10 for costs arising out of Eugene Fall's March 3, 2023 deposition. That sum is made up of a $269.70 certified transcript fee, $8.40 B & W exhibit handling fee, $35.00 litigation support package plus condensed transcript fee, and $15.00 electronic processing/archival/delivery fee. Defendant does not object to the transcript fee but objects to the remaining fees. Plaintiff does not provide sufficient evidence as to why it should be reimbursed for the deposition exhibit fee, and the litigation support package plus condensed transcript fee is not recoverable. *See Jacucci*, 2021 WL 2689961, at *1; *RGF Env't Grp.*, 2010 WL 3269982, at *3; *George*, 2008 WL 2571348, at *6. Thus, Plaintiff should only be awarded $269.70.

### 13. Trial Transcripts

Plaintiff seeks to recover $3,321.00 for the trial transcript in this case. "[T]rial transcript costs are also recoverable if they are necessarily obtained for use in the case, such as for post-trial motion practice." *Hughes v. Priderock Cap. Partners, LLC*, No. 9:18-CV-80110, 2020 WL 6491003, at *3 (S.D. Fla. Sept. 17, 2020), *report and recommendation adopted,* 2020 WL 6487537

(S.D. Fla. Nov. 4, 2020). Plaintiff asserts that the trial transcripts were necessary to preparing their post-trial Findings of Fact and Conclusions of Law [DE 143], as ordered by the Court, *see* [DE 125]. Defendant does not contend otherwise, nor does it object to the cost. Consequently, Plaintiff should be awarded $3,321.00.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 148] be **GRANTED-IN-PART and DENIED-IN-PART** and that the District Court award Plaintiff taxable costs in the amount of **$13,050.82**.[5]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 2nd day of November 2023.



Jared M. Strauss
United States Magistrate Judge

---

[5] That total comprises of:
1. $402.00 Filing Fee
2. $205.00 Subpoena Fees
3. $240.52 Witness Fees
4. $12,203.30 Deposition and Trial Transcripts