UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60573-RUIZ/STRAUSS

**GULF BUILDING, LLC,**

    Plaintiff,

v.

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Appellate Attorney's Fees (the "Motion"). [DE 176]. The Motion has been referred to me to take all action as required by law. [DE 177]. I have reviewed the Motion and all attachments thereto, Defendant's Response [DE 181], Plaintiff's Reply [DE 182], and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** the Motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

After a bench trial, Plaintiff secured a favorable judgment from this Court on its breach of contract claim. [DE 146; 147]. Plaintiff subsequently moved for attorney's fees and costs. [DE 153]. I submitted a Report and Recommendation on that motion, recommending that the District Judge award Plaintiff a portion of its requested fees. [DE 169]. Within that Report and Recommendation, I analyzed each attorney's reasonable rates. *Id.* Neither party submitted objections to the Report and Recommendation, and the District Judge adopted it in full. [DE 170].

1

Meanwhile, Defendant appealed the Court's final judgment to the Eleventh Circuit Court of Appeals. [DE 149]. Prior to Defendant submitting an initial brief, the Eleventh Circuit ordered the parties to attend mediation and for Plaintiff to file an answer to the Eleventh Circuit's jurisdictional question. Just over two months later, Defendant voluntarily dismissed its appeal before any briefing on the merits occurred. [DE 167]. Shortly thereafter, Plaintiff moved for appellate attorney's fees, and the Eleventh Circuit, upon Plaintiff's motion, transferred the instant dispute to the District Court. I denied Plaintiff's first Motion for Appellate Attorney Fees because it was unclear whether the parties conferred on that motion in accordance with Local Rule 7.3. [DE 174]. Plaintiff then filed its Motion. At first, the Motion failed to demonstrate that adequate conferral occurred, and I ordered the parties to confer once again. [DE 178]. The parties conferred again, and Plaintiff filed a Certificate of Conferral detailing the parties' conferral process and what agreements they were able to reach. [DE 179].

Plaintiff now seeks to recover $26,045.00 in appellate attorney's fees. Defendant contends that Plaintiff is not entitled to any appellate attorney's fees, or if the Court finds entitlement, the fees should only be $10,555.00. The Motion is ripe for review.

## ANALYSIS

I.  **Entitlement to Attorney's Fees**

Plaintiff correctly asserts it is entitled to its appellate attorney's fees under sections 627.428 and 627.756, Florida Statutes.[1] Pursuant to section 627.428(1), Florida Statutes:

---

[1] Plaintiff also argues it is entitled to attorney's fees under the Performance Bond between Plaintiff, Therma Seal Roof Systems and Defendant. In my previous Report and Recommendation, I discussed why Plaintiff is correct in this assertion. *See* [DE 169] at 3–5. Because Plaintiff is entitled to its appellate attorney's fees under sections 627.428 and 627.756, Florida Statutes, and the crux of the argument is whether Plaintiff can recover those fees even when there has not been a dismissal on the merits, a further analysis of contractual entitlement is not necessary.

2

> [I]n the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2022).  In turn, section 627.756, Florida Statutes, states that section 627.428 "applies to suits brought by owners, contractors, subcontractors, laborers, and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract."  § 627.756(1), Fla. Stat. (2022).  "Attorney's fees are 'mandatory' for parties who fall within section 627.428(1)." *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 21-11769, 2023 WL 5608014, at *20 (11th Cir. Aug. 30, 2023) (quoting *Citizens Prop. Ins. Corp. v. Bascuas*, 178 So. 3d 902, 904 (Fla. 3d DCA 2015)).

Defendant first asserts a procedural objection to Plaintiff's Motion.  Defendant argues that Eleventh Circuit Rule 39-2, which promulgates the time for filing an application for attorney's fees, does not contemplate an award of attorney's fees when Defendant filed a voluntary dismissal before any appellate briefing occurred.  [DE 181] at 3–4.  That rule states in pertinent part:

> Except as otherwise provided herein or by statute or court order, an application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later.

11th Cir. R. 39-2(a).  The gravamen of Defendant's argument is that because it voluntarily dismissed the appeal, the parties will never file a petition for rehearing or rehearing en banc, and the Eleventh Circuit will never enter "an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc."  Therefore, Defendant posits, Plaintiff cannot file its current Motion.

3

Defendant's argument is erroneous. First, Defendant does not provide the Court with any authority supporting its contention. And Defendant's interpretation of the rule is, at best, a stretch. It also provides no real analysis for why a procedural rule whose purpose is to establish a deadline should (silently, by implication, and without any actual violation of the rule) abrogate a party's substantive entitlement to attorney's fees. Second, there is persuasive Eleventh Circuit authority authorizing the very action that Defendant declares impermissible. In *Robinson v. Att'y Gen.*, No. 20-11401-W, 2020 WL 3989457 (11th Cir. May 5, 2020), the Eleventh Circuit, granted the parties' joint motion to voluntarily dismiss the appeal, and granted their motion to transfer consideration of attorney's fees on appeal to the district court pursuant to Eleventh Circuit Rule 39-2(d).[2] *Id.* *1. The Eleventh Circuit granted that motion despite the parties not filing a petition for rehearing or rehearing en banc or the court not entering an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc. *Id.*

Defendant next asserts a substantive objection to Plaintiff's Motion. Defendant argues that the Court should not award Plaintiff any appellate attorney's fees because Defendant's appeal did not proceed on the merits. To support its argument, Defendant attempts to distinguish the two cases Plaintiff relies on in its Motion to support its own argument in favor of awarding attorney's fees. Notably, Defendant concedes that its potential obligation to pay Plaintiff's attorney's fees under Florida law is set forth in sections 627.428 and 627.756, Florida Statutes.

Florida's Third District Court of Appeal has construed the prevailing party clause in the appellate fee portion of section 627.428(1), Florida Statutes, "to include cases in which an insurer

---

[2] Eleventh Circuit Rule 39-2(d) permits a party who may be eligible for attorney's fees to move, "within the time for filing an application provided by [Rule 39-(a)]," to transfer consideration of attorney's fees on appeal to the district court. 11th Cir. R. 39-2(d).

4

commences an appeal, but the appeal is then dismissed without a decision on the merits." *Arango v. United Auto. Ins. Co.*, 901 So. 2d 320, 321 (Fla. 3d DCA 2005). In *Arango*, the insured prevailed in the trial court and was awarded attorney's fees pursuant to section 627.428, Florida Statutes. *Id.* at 321. The insurer appealed to the circuit court appellate division but did not, after numerous extensions of time, file its initial brief. *Id.* The court then dismissed the appeal and declined to award the insured appellate attorney's fees. *Id.* The Third District Court of Appeal reversed and found that the insured was legally entitled to appellate attorney's fees under section 627.428(1), Florida Statutes, "notwithstanding the fact that there was no decision on the merits." *Id.* at 322; *see also Endurance Assurance Corp. v. Zoghbi*, No. 18-23960-CIV, 2020 WL 8258331, at *3–4 (S.D. Fla. July 7, 2020), *report and recommendation adopted*, 2021 WL 229977 (S.D. Fla. Jan. 22, 2021) (awarding attorney's fees even though the appellate court only dismissed the appeal without prejudice); *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008) ("Florida courts applying [section 627.428(1), Florida Statutes,] have awarded attorney's fees even in cases where the insured party did not prevail 'on the merits.'").

Plaintiff also cites *Home Insurance Co. v. Drescher*, 220 So. 2d 902 (Fla. 1969), which Defendant does not cite or attempt to distinguish, to support its contention that an award of appellate attorney's fees is appropriate in this scenario. In *Drescher*, the Florida Supreme Court initially granted a writ of certiorari to review an adverse judgment against an insurer but then discharged the writ as being improvidently granted. *Id.* at 903. Despite discharging the writ, the court addressed whether the insured could recover appellate attorney's fees under the predecessor statute to section 627.428, Florida Statutes. *Id.* at 903–04. The court held that "attorneys' fees may be awarded under the [statute] for services in the appellate court, whether on direct appeal or in certiorari proceedings, in all cases where the notice of appeal is filed." *Id.* at 903. Thereafter,

the court approved of the appellate court's awarding of fees to the insured and granted the insured additional attorney's fees for services rendered in Florida's Supreme Court. *Id.* at 904.

Here, Plaintiff, as a contractor, prevailed in an appeal against Defendant, a surety insurer. [DE 167]. Courts in Florida have awarded appellate attorney's fees, pursuant to section 627.428, Florida Statutes, "notwithstanding the fact that there was no decision on the merits." *Arango*, 901 So. 2d at 322; *see also Prime Ins.*, 270 F. App'x at 964. Defendant attempts to distinguish this case based on the fact that it dismissed its appeal before filing its initial brief, whereas appeals in the cases described above were dismissed involuntarily. However, Defendant fails to explain what this distinction should make a difference for the award of attorney's fees. After all, both scenarios cause a Plaintiff (who had already prevailed in the lower court) to incur further expenses based on the insurer's litigation decisions. And "the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992).

In this present case, Defendant did file its notice of appeal, which triggered several events to occur, such as mediation between the parties and Plaintiff filing a response to the Eleventh Circuit's jurisdictional question. Moreover, once Defendant filed its notice of appeal, it was reasonable for Plaintiff to begin preparing for merits briefing, even if Defendant's choice to dismiss ultimately made such briefing unnecessary. Accordingly, Plaintiff is entitled to appellate attorney's fees pursuant to sections 627.428(1) and 627.756(1), Florida Statutes. *See* § 627.428(1), Fla. Stat.; § 627.756(1), Fla. Stat.

**II.     Reasonableness**

To determine the reasonableness of attorney's fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The outcome of this exercise is known as the lodestar, s*ee id.* at 1301–02, which is "strongly presumed to be reasonable," *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (quoting *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)).

While there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve, the Eleventh Circuit has instructed the lower courts to consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022). Courts must consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303. Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or

secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

Hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

### A. Reasonable Hourly Rate

In my previous Report and Recommendation, I determined the reasonable hourly rates of Plaintiff's attorneys in this lawsuit. *See* [DE 169] at 8–11. In this current Motion, Plaintiff requests the same hourly rates I determined, which the District Judge adopted, to be reasonable in its previous motion. However, in its Motion, Plaintiff deviates from the previous rate for one individual, Loraine Cherubin, a paralegal. I determined that Cherubin's reasonable rate was

$125.00 an hour, but Plaintiff submitted a proposed rate of $100.00 an hour. [DE 176] at 19. Defendant does not object to Plaintiff's proposed hourly rates, *see* [DE 179] at 2, but does acknowledge the discrepancy in Cherubin's rate and asks this Court to apply the rate Plaintiff proposed in its Motion (i.e., $100.00 an hour), [DE 181] at 2. In its reply, Plaintiff states that the discrepancy was an error and requests that the Court apply the $125.00 rate that I previously found reasonable. [DE 182] at 6.

Because Plaintiff requested a rate of $100.00 for Cherubin in its Motion, and in its Certificate of Conferral stated that Defendant "does not have any objection to the reasonableness of the rates awarded by the Court as requested in the [Motion]," I will only award Cherubin and hourly rate of $100.00.[3]  I approve the reasonable rates of the other individuals as follows:

| Name | Reasonable Rate |
|---|---|
| Joseph R. Young | $450.00 |
| S. Elysha Luken | $450.00 |
| Kayla M. Wong | $250.00 |

### B. Hours Reasonably Expended

I have scrupulously examined the time records of Plaintiff's attorneys and all other relevant materials. Plaintiff submits that its attorneys expended 68.3 hours while representing Plaintiff during the appellate proceedings. [DE 176] at 3. As a threshold matter, Defendant indicates in its response to the Motion that the parties agree to reduce 3.8 hours from Young, 2 hours from Wong,

---

[3] I admonish both parties for bringing this specific dispute before the Court. Plaintiff submits that Cherubin only performed 0.2 hours of work during the appeal process. [DE 176] at 19. That equates to $20.00. If Plaintiff would have proposed an hourly rate of $125.00 for Cherubin, the total amount would have been $25.00. Thus, the parties are bickering, and wasting precious judicial resources, over $5.00.

and 0.6 hours from Luken as duplicative. [DE 181] at 1. Plaintiff does not dispute this agreement in its reply.

Defendant argues that the Court should cut Plaintiff's proposed hours even more. Defendant asserts that the Court should cut 12.3 hours for the time Plaintiff's attorneys spent answering the Eleventh Circuit's jurisdictional question, 13 hours for the time spent on a cross-appeal that never materialized, 8.1 hours for time spent on mediation and demand hours, and 2.8 hours for time Plaintiff's attorneys spent conferencing with each other during the appellate process. [DE 181] at 2.

I will not cut the 12.3 hours Plaintiff's counsel spent answering the Eleventh Circuit's jurisdictional question. Again, "the purpose of section 627.428 and its predecessor is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Lexow*, 602 So. 2d at 531.

Defendant contends that it is not reasonable for Plaintiff's counsel to bill 12.3 hours to cure jurisdictional deficiencies contained within Plaintiff's complaint. Those deficiencies were not at issue in the trial court, and Defendant did not file its appeal asserting lack of subject matter jurisdiction. Instead, the Eleventh Circuit *sua sponte* ordered additional briefing to address the perceived deficiencies. If Defendant had not filed its notice of appeal, then Plaintiff would not have had to prepare the additional briefing. The purpose of section 627.428, Florida Statutes, was to avoid this very dispute. After a bench trial, Plaintiff prevailed on its breach of contract claim against Defendant. After filing its notice of appeal, Defendant voluntarily withdrew its appeal on the day its initial brief was due. In the meantime, Plaintiff, because of Defendant's actions, had to perform additional work to ensure the Eleventh Circuit did not dismiss the appeal, along with the

entire litigation, for lack of subject matter jurisdiction. As a result, it was reasonably necessary for Plaintiff to bill for the time expended on the matter and should be awarded its attorney's fees for its work.

Next, Defendant objects to the 13 hours Plaintiff's counsel spent on a cross-appeal that never materialized. I agree with Defendant that Plaintiff should not recover fees for those 13 hours. Section 627.428, Florida Statutes, reimburses successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts. *Lexow*, 602 So. 2d at 531. Plaintiff prevailed on its claim at the trial level. Defendant filed a notice of appeal because of the adverse judgment against it. Thus, Plaintiff was not compelled to file a cross-appeal. Moreover, Plaintiff did not file a cross-appeal and has not provided the Court with any authority in support of its contention that it could recover fees for researching and preparing a cross-appeal that it ultimately never filed. Consequently, I do not find it reasonable to permit Plaintiff to recover 13 hours' worth of fees for researching a cross-appeal it was contemplating of bringing but never actually brought.

Defendant also objects to 8.1 hours of time Plaintiff's counsel billed for attending mediation and preparing a demand letter. Specifically, Defendant asserts that the 1.4 hours attorney Wong billed should not be recoverable because she did not actually participate in the mediation and instead used it as a training exercise. [DE 181] at 9. Plaintiff does not dispute this characterization but rather states that Defendant is improperly raising questions about matters that occurred during mediation. [DE 182] at 4–5. Defendant has done no such thing. Defendant merely asserted that Wong did not participate in the mediation or even have her camera on. That does not qualify as discussing matters that occurred during mediation. Therefore, I will deduct the 1.4 hours Wong billed for attending the mediation.

11

As to the other 6.7 hours, I find Defendant's objections meritless. The Eleventh Circuit ordered mediation between the parties. What the parties specifically discussed during that mediation is confidential. *See* § 44.405, Fla. Stat. (2023). However, Defendant alludes to the idea that some of Plaintiff's time preparing for mediation encompassed non-appellate issues such as securing payment for the underlying merits judgment and attorney's fees accrued during the trial-level proceedings. Defendant does not provide any support for why the Court should cut these fees. The Eleventh Circuit ordered mediation only because Defendant appealed the underlying judgment. Plaintiff incurred these expenses during the appellate proceedings. As a result, I will not cut the 6.7 hours that Defendant requests.[4]

Finally, Defendant objects to 2.8 hours that Plaintiff's attorneys billed for conferencing with each other. Generally, a party may recover attorney's fees when their attorneys conference with another but can only bill for one attorney. After reviewing Defendant's objections, I do not see any instances of double billing that I have not already deducted in previous cuts. Thus, I will not deduct the 2.8 hours.

Upon review of Plaintiff's submitted hours and Defendant's objections, the reasonable hours Plaintiff's counsel expended in during the appellate process are as follows:

| Name | Adjusted Hours |
|---|---|
| Joseph R. Young | 33.6 |
| S. Elysha Luken | 3 |
| Kayla M. Wong | 10.7 |
| Loraine Cherubin | 0.2 |

---

[4] Part of the 6.7 hours is 0.55 hours for a demand letter Plaintiff sent Defendant a week after Defendant filed its notice of appeal. Plaintiff filed this letter after the notice of appeal, and it does pertain to recovering the underlying merits judgment and attorney's fees. Accordingly, Plaintiff may recover these fees as they were incurred as part of the appellate proceedings.

### C. Lodestar

Once the reasonable hourly rate is applied, along with the adjusted hours, the total award for each individual's billed time is as follows:

| Name | Adjusted hours | Adjusted Hourly rate | Total Amount |
| --- | --- | --- | --- |
| Joseph R. Young | 33.6 | $450.00 | 33.6*$450.00= $15,120.00 |
| S. Elysha Luken | 3 | $450.00 | 3*$450.00=$1,350.00 |
| Kayla M. Wong | 10.7 | $250.00 | 10.7*$250.00=$2,675.00 |
| Loraine Cherubin | 0.2 | $100.00 | 0.2*$100.00=$20.00 |
| **Total** | | | **$19,165.00** |

In arriving at this number, the Court considered:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Neptune Designs, Inc.*, 469 F.3d at 1359 n.1.  The appellate proceedings were relatively short, the overarching issue was not extremely difficult (considering neither party filed an appellate brief on the merits), the parties agreed to the reasonable hourly rates based on my previous Report and Recommendation, and Plaintiff's lead counsel was the same in both the trial and appellate proceedings.  Thus, an award of $19,165.00 is appropriate in this scenario.

### **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion, [DE 176], be **GRANTED-IN-PART and DENIED-IN-PART** and that the District Court award Plaintiff **$19,165.00** in attorneys' fees.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 11th day of June 2024.

Jared M. Strauss
United States Magistrate Judge